IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| YVONNE MOSES. | ) | Case No. 14-00415-TOM-13 |
| | ) | |
| Debtor. | ) | |

| | | |
|---|---|---|
| YVONNE MOSES, | ) | |
| | ) | |
| Plaintiff, | ) | A.P. No. 14-00182-TOM |
| vs. | ) | |
| | ) | |
| LVNV FUNDING, LLC and | ) | |
| RESURGENT CAPITAL SERVICES, LP, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding came before the Court on September 16, 2015, for a hearing on the Motion for Summary Judgment for All Cases[1] filed by LVNV Funding, LLC and Resurgent Capital Services, LP; the Reply to the Motion for Summary Judgment for All Cases filed by the Plaintiff/Debtor, Yvonne Moses; the Cross Motion for Summary Judgment for All Cases filed by Yvonne Moses; and the Response to Plaintiff's Cross Motion for Summary Judgment for All Cases filed by LVNV Funding, LLC and Resurgent Capital Services, LP. Appearing before the Court were Bradford W. Botes, attorney for Plaintiff Yvonne Moses; and Neal D. Moore and Tina Lam, attorneys for Defendants LVNV Funding, LLC and Resurgent

---

[1] LVNV Funding, LLC and Resurgent Capital Services, LP are defendants in various adversary proceedings filed by other debtors represented by the same counsel who represent Yvonne Moses, the plaintiff/debtor, in this adversary proceeding. Because the issues in the other adversary proceedings are largely the same as those involved in the one at hand, counsel for each of the parties in this adversary proceeding agreed that the motions for summary judgment filed in this adversary proceeding shall apply to the other pending adversary proceedings. *See* AP Doc. 30, Motion for Summary Judgment for All Cases, and AP Doc. 34, Cross Motion for Summary Judgment for All Cases. Despite counsels' agreement, it is in the interest of justice and the interest of preserving judicial resources that the other adversary proceedings as identified in the Motion for Summary Judgment and Cross Motion for Summary Judgment will be held in abeyance pending a final, non-appealable order in this adversary proceeding.

Capital Services, LP. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order Of Reference Dated July 16, 1984, As Amended July 17, 1984.[2] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(B).[3] This Court has considered the pleadings, arguments, evidence, testimony, and the law, and finds and concludes as follows.[4]

## FINDINGS OF FACTS[5]

The facts of this case are not in dispute. Ms. Moses filed a Chapter 13 bankruptcy case on February 7, 2014. On May 13, 2014, Resurgent Capital Services, LP, as servicer for LVNV Funding, LLC, filed a proof of claim in the amount of $2,250.77 in Ms. Moses's bankruptcy case. The proof of claim, signed by Susan Gaines ("Ms. Gaines") as Claims Processor for Resurgent Capital Services, LP, reflects that the debt was originally owed to Chase Bank USA, N.A. and that the last payment on the debt was made on August 12, 2007. On October 22, 2014, Ms. Moses filed a Complaint against LVNV Funding, LLC and Ms. Gaines alleging that they are "debt collectors" under the Fair Debt Collection Practices Act ("FDCPA"), and as such they have violated the FDCPA by filing a proof of claim for a debt barred by the statute of limitations. On November 21, 2014, LVNV Funding, LLC filed a motion seeking either dismissal or a stay of the adversary proceeding, and on the same day Ms. Gaines filed a motion seeking dismissal of

---

[2] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

    The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] 28 U.S.C. §157(b)(2)(B) provides as follows:

    (b)(2)Core proceedings include, but are not limited to–

        (B) allowance or disallowance of claims against the estate . . . [.]

[4] This Memorandum Opinion and Order constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[5] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

herself as a defendant. Both motions were denied on December 5, 2014. On April 13, 2015, Ms.

Moses filed an Amended Complaint adding Resurgent Capital Services, LP as a defendant, and

on June 8, 2015, an Order was entered granting the parties' joint motion to dismiss Ms. Gaines as

a defendant. LVNV Funding, LLC and Resurgent Capital Services, LP (hereinafter, collectively

"LVNV") filed a Motion for Summary Judgment and an Amended Motion for Summary

Judgment, both on July 13, 2015. In turn, Ms. Moses filed a Cross Motion for Summary

Judgment on August 10, 2015. Her reply to LVNV's Motion for Summary Judgment was filed

August 25, 2015, and LVNV's response to the Cross Motion for Summary Judgment was filed

the same day. For purposes of the motions for summary judgment the parties stipulate that the

debt at issue is a "consumer debt" and that Resurgent Capital Services, LLC is a "debt collector"

under the FDCPA.[6] LVNV concedes in its summary judgment motion that the statute of

limitations for filing a suit to enforce the debt at issue had already expired at the time the proof

of claim was filed.

Ms. Moses seeks actual and punitive damages, sanctions to enforce provisions of the

Bankruptcy Code,[7] and actual and statutory damages, costs, and fees pursuant to 15 U.S.C.

section 1692k. In addition, Ms. Moses asks that the proof of claim filed by LVNV be stricken

and all disbursements made on the claim be refunded.

<u>**SUMMARY JUJDGMENT STANDARD**</u>

Rule 56 of the Federal Rules of Civil Procedure[8] provides that:

> A party may move for summary judgment, identifying each claim or defense - or
> the part of each claim or defense - on which summary judgment is sought. The

---

[6] *See* AP Doc. 30, Defendants LVNV Funding, LLC and Resurgent Capital Services, LP's Motion for Summary Judgment for All Cases. It is not clear why the stipulation in the Motion for Summary Judgment references only Resurgent Capital Services, LP, and not LVNV Funding, LLC, but the defendants do not dispute that LVNV is a debt collector subject to the FDCPA.
[7] Presumably, Ms. Moses is seeking sanctions under Bankruptcy Rule 9011.
[8] Rule 56 of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

3

court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The Court should state on the record the reasons for granting or denying the motion.

Fed. R. Civ. P. 56; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). In determining whether a summary judgment motion should be granted, the Court "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 202 (1986). "'[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'" *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). When the movant satisfies its initial burden, the burden shifts to the non-moving party. *See Miranda v. B&B Cash Grocery Store Inc.*, 975 F.2d 1518, 1532-33 (11th Cir. 1992). If the non-moving party has the burden of proof on the underlying claims and does not make a sufficient showing on an essential element of her case, there will be "'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323, 106 S. Ct. at 2552.

## CONCLUSIONS OF LAW

In her motion for summary judgment Ms. Moses contends that LVNV, a debt collector subject to the FDCPA, has violated the FDCPA by filing a proof of claim on a time-barred debt. As the basis for her argument, Ms. Moses relies heavily on the recent Eleventh Circuit Court of Appeals decision *Crawford v. LVNV Funding, LLC*, in which that court affirmatively concluded that it was a violation of the FDCPA for a debt collector to file such a proof of claim. *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1262 (11th Cir. 2014). However, the *Crawford* decision

4

was not the last word on filing proofs of claim for stale debts, as the court specifically left unanswered a question concerning the applicability of the FDCPA in a bankruptcy case:

> The Court also declines to weigh in on a topic the district court artfully dodged: Whether the Code "preempts" the FDCPA when creditors misbehave in bankruptcy. Some circuits hold that the Bankruptcy Code displaces the FDCPA in the bankruptcy context. Other circuits hold the opposite. In any event, we need not address this issue because LVNV argues only that its conduct does not fall under the FDCPA or, alternatively, did not offend the FDCPA's prohibitions. LVNV does not contend the Bankruptcy Code displaces or "preempts" §§ 1692e and 1692f of the FDCPA.

*Crawford*, 758 F.3d at 1262 n.7 (citations omitted).

This question was subsequently addressed by Judge Steele of the District Court for the Southern District of Alabama in *Johnson v. Midland Funding, LLC*, 528 B.R. 462 (S.D. Ala. 2015). It is on this decision that LVNV bases its summary judgment argument that the Bankruptcy Code precludes application of the FDCPA and thus Ms. Moses's adversary proceeding is due to be dismissed. In *Johnson*, a creditor filed a motion to dismiss in response to the debtor's complaint alleging that the creditor violated the FDCPA by filing a proof of claim on a time-barred debt. *Johnson*, 528 B.R. at 464. According to Judge Steele, "[t]he only serious question presented by the defendant's motion is whether tension between the Bankruptcy Code . . . and the [FDCPA] precludes the plaintiff from pursuing her claim under the [FDCPA]." *Id.*[9] In his well-researched and -reasoned opinion Judge Steele ultimately concluded that because the Bankruptcy Code allows a creditor to file a proof of claim on a time-barred debt, there is an irreconcilable conflict between the two statutes and thus the Bankruptcy Code precludes the FDCPA. *Id.* at *473.

As Judge Steele recognized in *Johnson*:

---

[9] Citing the Supreme Court case *POM Wonderful LLC v. Coca-Cola Co.*, --- U.S. ---, 134 S. Ct. 2228, 2236, 189 L. Ed. 2d 141 (2014), Judge Steele noted that preclusion, not preemption, "is the correct term when two federal statutes are involved." *Johnson*, 528 B.R. at 464 n.1.

5

> "A creditor . . . may file a proof of claim." 11 U.S.C. § 501(a). Pursuant to this provision, "[w]hen a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim . . . ." *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 449, 127 S. Ct. 1199, 167 L. Ed. 2d 178 (2007). "In this title . . . 'claim' means . . . right to payment, whether or not such right is reduced to judgment, liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ." 11 U.S.C. § 101(5)(A). Thus, if a creditor has a right to payment he has a claim, and if he has a claim he is entitled to file a proof of claim."

*Johnson*, 528 B.R. at 465 (omissions in original). Whether a creditor has a right to payment hinges upon state law:

> "The basic federal rule in bankruptcy is that state law governs the substance of claims . . . ." *Travelers*, 549 U.S. at 450, 127 S. Ct. 1199 (internal quotes omitted). . . . "[W]hen the Bankruptcy Code uses the word 'claim' – which the Code itself defines as a 'right to payment,' [citation omitted] – it is usually referring to a right to payment recognized under state law." Thus, if a creditor has a right to payment (i.e., a property interest) recognized by applicable state law despite the lapse of the limitations period, he has a claim for such time-barred debt and is entitled to file a proof of claim as to such time-barred debt.

*Id.* (second alteration in original) (some internal citations omitted). Since under Alabama law the "'statute of limitations generally is procedural and extinguishes the remedy rather than the right,'" a creditor holding a time-barred debt still has a right to payment and is entitled to file a proof of claim. *Johnson*, 528 B.R. at 465-66 (quoting *Ex parte Liberty National Life Insurance Co.*, 825 So. 2d 758, 765 (Ala. 2007)).

Nonetheless, the debtor in *Johnson* argued that right to payment under Bankruptcy Code section 101(5) means a "legally enforceable right" and thus the Code does not approve filing proofs of claim for unenforceable debt. *Johnson*, 528 B.R. at 466. In addressing the debtor's contention Judge Steele took note that the Supreme Court has stated "'[t]he plain meaning of a 'right to payment' is nothing more nor less than an enforceable obligation . . . .'" *Johnson*, 528 B.R. at 466 (quoting *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 559, 110 S. Ct. 2126, 109 L. Ed. 2d 588 (1990)). Judge Steele observed that at issue in *Davenport* was

6

whether a restitution order that could not be enforced in civil proceedings could constitute a debt under the Bankruptcy Code, which defines "debt" as "liability on a claim." *Johnson*, 528 B.R. at 467; s*ee also* 11 U.S.C. § 101(12).  Noting that it was in this context that the Supreme Court considered the definition of "claim," Judge Steele concluded "[the Supreme Court's] statement that a right to payment is 'nothing more nor less than an enforceable obligation' signifies only that a right to payment is legally enforceable however the law chooses to enforce it – by civil litigation or otherwise." *Johnson*, 528 B.R. at 467.  Judge Steele recognized that, according to *Davenport*, "the Code's definitions of 'claim' and 'debt' are the 'broadest possible,'" and thus opined that "a definition of the embedded term 'right to payment' that excludes obligations exposed to a limitations defense patently is not the broadest possible." *Id.*

Judge Steele gave additional support for his conclusion that the Code permits the filing of a proof of claim for a time-barred debt.  First, by including a right to payment that is "contingent" or "unmatured" within the definition of claim, "the Code expressly contemplates the filing of proofs of claim on presently unenforceable claims." *Id.* at 468 (citing 11 U.S.C. § 101(5)).  In addition, section 502(a) of the Code provides that a claim is allowed absent objection, while section 502(b)(1) provides that an objection may be made and a claim disallowed if the court determines that it is unenforceable. *See id.* at 468.  Furthermore, prior to the Bankruptcy Act of 1978 "'a claim had to be both proved and allowed in order for a creditor to receive a distribution.'" *Id.* (quoting *In re Keeler*, 440 B.B. 354, 361 (Bankr. E.D. Pa. 2009)).  "The staleness of a debt did not affect its provability because '[t]he statute of limitations is a defense, and not part of the affirmative claim.'. . . The debt was owed, and could thus be proved, even though ultimate allowance of the claim might be denied if the limitations defense were properly raised." *Johnson*, 528 B.R. at 469 (quoting *In re Kuffler*, 153 F. 667, 668 (E.D.N.Y.

7

1907) (alteration in original)).  Judge Steele found "[t]he plaintiff has identified nothing in Section 101(5) or its legislative history suggesting that Congress, in adopting the 'broadest possible' definition of 'claim,' intended to overturn the long-standing rule that a limitations defense becomes relevant only after proofs of claim are filed, when the Bankruptcy Court . . . considers whether to allow an asserted claim."  *Johnson*, 528 B.R. at 469.

According to Judge Steele, because the FDCPA prohibits debt collectors from filing proofs of claim on stale debts and the Code allows the filing of such claims, there is "obvious tension" between the Code and the FDCPA; the next questions are "whether that tension rises to the level of an irreconcilable conflict and, if so, how that conflict is to be resolved."  *Id*. at 470. The debtor argued there is no such conflict since a creditor could comply with both the Code and the FDCPA by not filing proofs of claim for time-barred debts.  *Id*.  Rejecting this argument, Judge Steele recognized that surrendering a right under one statute "is not the vindication of both statutes, it is the negation of one by the enforcement of the other. A clearer demonstration of irreconcilable conflict would be difficult to imagine."  *Id*. at 471.  As to the second question, he noted that according to the Supreme Court "'[w]here provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the other one.'"  *Id*. at 470 (quoting *EC Term of Years Trust v. United States*, 550 U.S. 429, 435, 127 S. Ct. 349, 80 L. Ed. 351 (1936)).  Judge Steele concluded:

> Statutory provisions are in irreconcilable conflict when "there is a positive repugnancy between them or . . . they cannot mutually coexist." Thus, for example, when two different limitations periods purport to apply to the same situation, they are in irreconcilable conflict.  Here, as long as state law preserves a right to payment after the limitations period expires, the Code authorizes filing a proof of claim on a debt known to be stale, while the Act (as construed by *Crawford*) prohibits that precise practice. Because, as to creditors under the Code that are also debt collectors under the Act, those contradictory provisions cannot possibly be given effect simultaneously, the provisions are positively repugnant

8

and cannot mutually coexist. They are thus in irreconcilable conflict. And because there is irreconcilable conflict, the Act must give way to the Code.

*Johnson*, 528 B.R. at 472-73 (omission in original) (footnote omitted) (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976), *EC Term of Years Trust*, 550 U.S. at 435, 127 S.Ct. 1763).

Since the time the *Johnson* decision was handed down, another bankruptcy judge in the Northern Division of Alabama issued an opinion addressing whether both the Code and the FDCPA can be given effect since the "Code and Rules not only contemplates but invites the very act the FDCPA would prohibit and penalize." *Jenkins v. Credit Mgmt., Inc. (In re Jenkins)*, 538 B.R. 129, 132-33 (Bankr. N.D. Ala. 2015) (Robinson, C.J.). Judge Robinson, acknowledging the *Johnson* decision, agreed that the Bankruptcy Code precluded application of the FDCPA. *Jenkins*, 538 B.R. at 133. Judge Robinson found it significant that procedures were in place in the Bankruptcy Code and Rules for filing claims, objecting to claims, and allowing or disallowing claims; that the Code's definition of "claim" is broad, and that under Alabama law a "right to payment remains for a time-barred debt even though it may not be judicially enforceable." *Id.*

Prior to the *Crawford* decision, this Court had concluded that the Bankruptcy Code allowed a creditor to file a time-barred proof of claim. In *Simpson v. PRA Receivables Management, LLC (In re Simpson)*, the debtor argued that filing a time-barred claim was the equivalent of filing a false proof of claim as well as a violation of the FDCPA. *Simpson v. PRA Receivables Management, LLC (In re Simpson)*, BK No. 08-00344-TOM-13, AP No. 08-00137, 2008 WL 4216317, at *1 (Bankr. N.D. Ala. Aug. 29, 2008). In granting the creditor's motion to dismiss, this Court determined:

9

The claims allowance process of the Bankruptcy Code contemplates that time-barred claims may be filed and expressly preserves the statute of limitations as a defense and a ground for disallowance of the claim. . . . The Complaint fails to cite to any Bankruptcy Code provision that would provide relief for filing a false or misleading proof of claim outside of the normal claims allowance process even if the Court were inclined to find that the Creditor filed a "false" or "misleading" claim.

*Id.* at *2.

LVNV asserts that it still has a right to payment under Alabama state law despite the statute of limitations, and that this right to payment gives it a claim as that term is defined in the Bankruptcy Code; thus, its proof of claim filed for a time-barred debt was permissible under the Code. Ms. Moses, as does the debtor in *Johnson*, disagrees with that reasoning, arguing that a right to payment includes only legally enforceable claims. She concludes that since a time-barred debt is not legally enforceable a creditor does not have a right to file a proof of claim for such a debt under the Bankruptcy Code.

As discussed by Judge Steele, although the Supreme Court stated in *Davenport* that a "'right to payment' is nothing more nor less than an enforceable obligation," the Supreme Court in that case examined the meaning of "right to payment" in a different context, i.e., whether a restitution order unenforceable in civil litigation could be a debt under the Code. To conclude that a "right to payment" does not encompass a debt for which a creditor retains a right to payment under state law is contrary to the Supreme Court's directive that state law governs the substance of claims. Such conclusion goes against Congress's intent to give "claim" the broadest possible definition. Furthermore, the definition of "claim" expressly includes a right to payment that is contingent or unmatured; in other words, the Code includes within the definition of claim debts that are unenforceable at the time the claim is filed. Thus, the argument that a right to payment encompasses only legally enforceable debts does not comport with the

10

definition of "claim" as set forth in the Code. LVNV's proof of claim for a debt to which it maintains a right to payment, although collection of the debt is barred by the statute of limitations, was permissibly filed under the Bankruptcy Code.

It is worth mentioning that in further support of her position that proofs of claim on time-barred debts are impermissible under the Bankruptcy Code, Ms. Moses contends "[s]everal courts have found that knowingly filing time-barred claims is sufficient grounds to impose sanctions," and concludes that "[a] party cannot possess a 'right' to engage in conduct which would subject that party to sanctions." AP Doc. 36, Plaintiff's Reply to Defendants' Motion for Summary Judgment for All Cases (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1385 (4th Cir. 1991); *FDIC v. Calhoun*, 34 F.3d 1291, 1299 (5th Cir. 1994); *White v. GM Corp.*, 908 F.2d 675, 682 (10th Cir. 1990); *Goins v. JBC Assocs., P.C.*, 352 F. Supp. 2d 262, 272 (D. Conn. 2005)). However, in none of the cases on which Ms. Moses relies does the court actually sanction a creditor and/or its counsel for filing a time-barred proof of claim; in fact, none of the cases involve filing proofs of claim at all.[10] Thus, this argument does nothing to convince the Court that the Code prohibits a proof of claim such as the one filed by LVNV.

The parties' positions as to whether the Code precludes application of the FDCPA likewise track the arguments made by the creditor and debtor in *Johnson*. LVNV contends that an irreconcilable conflict exists between the FDCPA and the Code because the Code allows what the FDCPA prohibits. Because of the irreconcilable conflict the earlier-enacted FDCPA must give way to the Code. Ms. Moses suggests that it is a creditor's choice whether or not to file a proof of claim; by choosing not to file a time-barred claim the creditor may comply with both the Code and the FDCPA, and thus the two do not conflict. This Court agrees with the reasoning in

---

[10] Three of the cases cited by Ms. Moses, *Brubaker*, *Calhoun*, and *White*, involved claims asserted in lawsuits. The fourth, *Goins*, involved a threat of litigation on a time-barred debt. Neither *Calhoun* nor *White* involved statute of limitations issues. In *Calhoun* the circuit court of appeals actually overturned the district court's award of sanctions.

*Johnson* and concludes that, because the FDCPA as interpreted in *Crawford* prevents a debt collector from filing a proof of claim on a time-barred debt despite having a right to payment under state law, while the Code allows the same claim to be filed, the two statutory schemes irreconcilably conflict and cannot be given effect simultaneously. Under these facts application of the FDCPA is precluded by the Bankruptcy Code. Ms. Moses is not entitled to damages for any violation of the FDCPA resulting from LVNV filing a proof of claim on a time-barred debt. Summary judgment is due to be granted in favor of LVNV and denied as to Ms. Moses. Furthermore, since the parties agree that the debt evidenced by LVNV's Proof of Claim is a debt barred by the Alabama statute of limitations, the Proof of Claim is due to be disallowed and LVNV shall refund any monies received as disbursements on the Proof of Claim to the Chapter 13 Trustee.[11] Because this Memorandum Opinion and Order is a ruling on all counts of the Amended Complaint and all issues addressed in the Motion for Summary Judgment and Cross Motion for Summary Judgment, this is a final, appealable Order. It is therefore

**ORDERED, ADJUDGED, AND DECREED** that the Motion for Summary Judgment filed by Defendants LVNV Funding, LLC and Resurgent Capital Services, LP is **GRANTED**; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Cross Motion for Summary Judgment filed by Plaintiff/Debtor Yvonne Moses is **DENIED** as to any liability of Defendants LNVN Funding, LLC and Resurgent Capital Services, LP for violation of the FDCPA; and it is further

---

[11] In her Amended Complaint, Ms. Moses asks that the Proof of Claim be stricken and that all disbursements made on the Proof of Claim be returned; however, Ms. Moses did not file a corresponding objection to the Proof of Claim. An objection to a proof of claim prompts the Chapter 13 Trustee to hold any funds that would otherwise be disbursed on the claim until the objection is resolved, but a request in a complaint that a claim be stricken does not trigger the same action. Because Ms. Moses did not object to the Proof of Claim the Trustee continued to make disbursements to LVNV. Since Ms. Moses did request in her Amended Complaint that the Proof of Claim be stricken this Court will also treat the Amended Complaint as an objection to the Proof of Claim.

**ORDERED, ADJUDGED, AND DECREED** that the Proof of Claim, Claim No. 3, filed by LVNV Funding, LLC is **DISALLOWED**. LVNV Funding, LLC and Resurgent Capital, LP, as applicable, are directed to return to the Chapter 13 Trustee any funds that received as disbursements on the Proof of Claim.

Dated: November 25, 2015

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM/dgm

13